**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| VALERIE ATKINSON, | * |
| Plaintiff, | * |
| v. | *    Case No.: 8:19-cv-01732-PWG |
| RMC MORTGAGE, CORP., et al., | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This action arises from Plaintiff Valerie Atkinson's challenge to a foreclosure action by Defendants RMC Mortgage Corporation ("RMC"), Freedom Mortgage, and Mortgage Electronic Registration System ("MERS") of property located at 7206 Brickyard Station Drive, Beltsville, Maryland 20705 (the "Property"). Ms. Atkinson filed several motions to halt the foreclosure sale in the Circuit Court for Prince George's County, Maryland (the "State Court"), which were denied. Ms. Atkinson then filed this action claiming that the Defendants lacked legal "standing" to foreclose the Property, which was removed to this Court. Pending is Defendants' Motion to Dismiss.[1] Because the issues in the Complaint already were decided by the State Court, Ms. Atkinson's claims are barred by collateral estoppel and Defendants' Motion to Dismiss is granted.

**Background**

Ms. Atkinson purchased the Property in June 2015 with a loan evidenced by a promissory note (the "Note") and secured by a deed of trust ("DOT") against the Property identifying RMC

---

[1] The Motion is fully briefed. *See* ECF Nos. 14, 21, 24. A hearing is not necessary. *See* Loc. R. 105.6 (D.Md. 2018).

as the "Lender" and MERS as a trustee. ECF No. 1-2, Compl. at 19.[2] Ms. Atkinson challenged the foreclosure action in the State Court with two motions against RMC as the originator of the loan, Freedom Mortgage as the servicer of the loan, and MERS as the beneficiary under the DOT. ECF Nos. 14-12 (Ms. Atkinson's State Court motion to stay foreclosure sale), 14-14 (Ms. Atkinson's motion to vacate State Court judgment).[3] The State Court dismissed both of Ms. Atkinson's motions holding that Ms. Atkinson had, "fail[ed] to set forth a meritorious factual or legal basis for this court to stay the sale." ECF Nos. 14-15 at 3 (State Court Order denying motion to vacate), 14-13 (State Court Order denying motion to stay).

Ms. Atkinson then filed this action in State Court, just prior to ratification of the foreclosure sale in March 2019. ECF No 14-19 (State Court docket). Ms. Atkinson alleged that Defendants had no rights under the mortgage instruments to foreclose on the Property and brought four causes of action on that basis: (1) Lack of Standing/Wrongful Foreclosure; (2) Quiet Title; (3) Temporary Restraining Order and for Injunctive Relief; (4) Declaratory Relief. Compl. at 18–22. The State Court denied Ms. Atkinson's petition for a temporary restraining order and injunctive relief (Count Three). ECF No. 14-19 at 2. Freedom Mortgage then timely removed to this Court. ECF No. 1.

---

[2] All references to Complaint, ECF No. 1-2, refer to electronic pagination.

[3] The Court may take judicial notice of the State Court records, the Note, the DOT, and its assignment, because they are public records that are central to the claim and the authenticity of which is not disputed, without converting the Defendants' motion to dismiss to one for summary judgment. *See Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006) (When reviewing a motion to dismiss, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed."); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) ("Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in light most favorable to the plaintiff along with the wellpleaded allegations of the complaint") (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)); *Dainty v. Wells Fargo Bank, N.A.*, No. TDC-16-2755, 2017 WL 750478, at * 7 (D. Md. Feb. 24, 2017) (taking judicial notice of a Deed of Trust and docket entries in a foreclosure action removed from state court on a motion to dismiss).

**Standard of Review**

Ms. Atkinson is self-represented and therefore her submissions are to be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a pro-se plaintiff's claims are still subject to dismissal if they "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must meet the standard of Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain factual content, and more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Therefore, although a court should construe a self-represented plaintiff's pleadings liberally, mere legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

**Discussion**

Ms. Atkinson's claims must be dismissed because the issues in her Complaint have already been resolved in the State Court proceedings. The doctrine of collateral estoppel, "works to ensure that parties get 'one full and fair opportunity to litigate a particular issue, while preventing needless []litigation of that issue.'" *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 Fed. Appx. 716, 720 (4th Cir. 2011) (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1350 (Fed. Cir. 2008)). Collateral estoppel bars litigation of an issue or fact if:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). Collateral estoppel may be used by a defendant "to bar claims the plaintiff (or claimant) already unsuccessfully made against *it* . . . ." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 280 F. Supp. 3d 691, 716 (D. Md. 2017), aff'd, 937 F.3d 1359 (Fed. Cir. 2019), *reh'g denied*, No. 2018-1367, 2019 WL 6720201 (Fed. Cir. Dec. 11, 2019) (emphasis in original).

Collateral estoppel applies to Ms. Atkinson's claims. First, the issue here is "identical to the one previously litigated" as it is founded on Ms. Atkinson's challenge of the equitable right of the Defendants to foreclose on the Property. In the State Court proceeding, Ms. Atkinson argued that Freedom Mortgage was not her mortgage company and had no legal capacity to foreclose, and that MERS' holding and assigning the DOT was fraudulent. *See* ECF No. 14-2 at 4, 9; ECF No. 14-14 at 3–5. Here Ms. Atkinson's causes of action are premised on the same allegation that Defendants had no rights under the mortgage instruments to institute a foreclosure action against the Property. *See* Compl. at 16. Second, this issue was resolved by the State Court when it denied Ms. Atkinson's motions to stay and void the foreclosure judgement. *See* ECF Nos. 14-3, 14-15. In the latter, the State Court ruled that, "[Ms. Atkinson] fail[s] to set forth a meritorious factual or legal basis for this court to stay the sale, and it is further Ordered, that this case shall proceed in the normal course." ECF No. 14-15 at 3. Third, the issues in Ms. Atkinson's Complaint were necessary to the State Court's judgment that held that the foreclosure sale should "proceed in the normal course." *Id.* Fourth, as shown in the State Court's order, the judgment in the prior foreclosure action was final and valid. *Id.* And finally, Ms. Atkinson had the full and fair opportunity to litigate the issue in the State Court proceedings on both her motion to stay the foreclosure and motion to vacate the State Court's judgment. *Id.* Therefore Ms. Atkinson is barred by collateral estoppel from relitigating this issue before this Court.

## Conclusion

For the reasons stated above, because the claims alleged in Ms. Atkinson's complaint are barred by collateral estoppel, the Defendants' Motion to Dismiss is granted.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 3rd day of March 2020, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 14, is GRANTED;
2. Plaintiff's claims are DISMISSED WITH PREJUDICE;
3. The CLERK is directed to CLOSE this case;
4. The CLERK will mail copies of this Memorandum Opinion and Order to Plaintiff and Counsel for Defendants.

/S/
Paul W. Grimm
United States District Judge